UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EVA GROVNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV420-027 |
| ) | |
| MANNNING M. GOLDSMITH ) | |
| M.D., ) | |
| ) | |
| Defendant. ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Eva Grovner filed this complaint alleging medical negligence. *See* doc. 1 at 4. The form she used to file her complaint implied that this Court had jurisdiction over such a claim based on the parties' diversity of citizenship. *See id.* at 1. However, she neglected to include any information about either her or defendant's citizenship. *Id.* at 3. The District Judge directed her to file an Amended Complaint to adequately invoke the Court's jurisdiction. *See generally* doc. 5. Some two months after that compliance was due, she sought an extension of time to comply. Doc. 6.

Plaintiff's request for an extension states, unedited and in its entirety:

> Due to Coronvirus-19 put a stop to getting response and/or help for my case. Please allow me additional 90 days to give and FIND ATTORNEY to address your ORDER in case number CV420-027. I am still putting my request for help not received a yes yet "due to back ups" from Coronvirus-19.

Doc. 6 at 1. Even supposing that request were filed within the period provided to comply with the District Judge's Order, it fails to identify any sufficient basis for an extension. The District Judge directed plaintiff to "inform the Court of her basis for jurisdiction and, if relying on diversity of citizenship pursuant to 28 U.S.C. § 1332, . . . allege the citizenship of both herself as Plaintiff and Defendant Goldsmith." Doc. 5 at 1-2. Plaintiff's knowledge of her own citizenship could not have been affected by the pandemic, and the Court strains to credit the notion that she could not allege, at least, what information she has about Defendant Goldsmith's citizenship. Her motion for an extension, therefore, is **DENIED**. Doc. 6

Despite the substantive inadequacy of plaintiff's request, she has now had far more than the ninety additional days she requests to comply with the District Judge's Order. She has done nothing in that time. Under

2

those circumstances, her Complaint should be **DISMISSED** either for failure to obey the District Judge's Order or for failure to prosecute this case. *See* Fed. R. Civ. P. 41(b). If plaintiff believes that she can establish a valid basis for this Court's jurisdiction over this case, she is free to submit an Amended Complaint within the fourteen-day objection period described below and the Court will consider it.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>8th</u> day of February, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4